**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 1:24-CR-107** |
| | : | |
| **Plaintiff,** | : | **JUDGE MCFARLAND** |
| | : | |
| **v.** | : | **SENTENCING MEMORANDUM OF** |
| | : | **THE UNITED STATES** |
| **JORGE ALBERTO MARROQUIN** | : | |
| **MEMBRANO,** | : | |
| a/k/a "Oscar Armando Marroquin-Castro," | : | |
| a/k/a "Oscar Castro," | : | |
| a/k/a "Oscar Marroquin Castro," | : | |
| a/k/a "Oscar Rodriguez," | : | |
| | : | |
| **Defendant.** | | |

On May 13, 2025, the defendant, Jorge Alberto Marroquin Membrano ("Membrano"), will stand before this Court after having pled guilty to one count of Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1).  Membrano pled guilty pursuant to a proposed binding Plea Agreement where the parties agreed that the appropriate sentence in this case should be term of imprisonment of 10 to 15 months and a mandatory $100 special assessment pursuant to 18 U.S.C. § 3013.

For the reasons set forth below, the United States respectfully requests that the Court accept the Plea Agreement and impose a Guideline sentence of 15 months imprisonment followed by no term of supervised release and a $100 special assessment.

## BACKGROUND

On August 21, 2024, Membrano was arrested under an alias by the Hamilton County Sheriff's Office for numerous charges related to the theft of grocery and laundry products from Kroger. Upon being fingerprinted at the jail, Membrano was identified as a native citizen of

Honduras and not a citizen of the United States. As a result, Immigration and Customs Enforcement ("ICE") was notified. Once Membrano was turned over to ICE custody, it was confirmed that Membrano was an alien without lawful status in the United States. Specifically, Membrano was previously removed from the United States on numerous occasions. Additionally, Membrano was previously convicted of this same offense, Reentry of a Removed Alien in violation of 8 U.S.C. § 1326, on three prior occasions.

Given this immigration history, the only way for Membrano to lawfully enter the United States would be for him to obtain the express consent of the Attorney General of the United States or the Secretary of Department of Homeland Security ("DHS"). Since Membrano did not obtain such consent, his voluntary presence in the country is unlawful. As a result, on August 28, 2024, Membrano was charged via Criminal Complaint with one count of Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Membrano was indicted for the same offense on September 25, 2024.

Shortly after he was charged, Membrano, through his counsel, notified the government of his intention to accept responsibility and the parties began plea negotiations. Membrano pled guilty on December 11, 2024, pursuant to a Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Plea Agreement, if accepted, calls for a term of imprisonment of 10 to 15 months along with a mandatory $100 special assessment pursuant to 18 U.S.C. § 3013. All other terms of the sentence are left to the discretion of the Court.

Following Membrano's plea hearing, the Court ordered the preparation of a Presentence Investigation Report ("PSR"), which calculated the defendant's Guidelines imprisonment range to be 15 to 21 months. There are no outstanding objections to the PSR.

## APPLICABLE LAW

The Sentencing Guidelines "should be the starting point and the initial benchmark for choosing a defendant's sentence." *United States v. Demma*, 948 F.3d 722, 727 (6th Cir. 2020) (internal quotations omitted). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). After calculating the applicable Guidelines range, "the district court must weigh and apply the range of factors outlined in 18 U.S.C. § 3553(a)." *Id.* at 49-50.  These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) . . . the sentencing range established . . . [by the Guidelines];
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the day of sentencing[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## ARGUMENT

**A. The government agrees with the Guidelines calculation and statutory requirements set forth in the PSR.**

The United States agrees with the Guidelines range calculated in the PSR, which gives a Guidelines imprisonment range of 15 to 21 months based on a total offense level of 10 and criminal history category IV.

The statutory maximum term of imprisonment for Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b)(1) is 10 years. (PSR ¶ 84.)  The statutory maximum term of supervised release that can be imposed is 3 years. (PSR ¶ 88.) Finally, the maximum fine that can be imposed is $250,000, and there is a $100 mandatory special assessment. (PSR ¶¶ 96-97.)

**B. The government respectfully submits that consideration of the § 3553(a) factors shows that a Guideline sentence of 15 months of imprisonment is appropriate here.**

The nature and circumstances of the offense weigh in favor of a sentence of 15 months' imprisonment. As a previously removed alien, Membrano had no lawful authority to be in the United States. Based on his prior immigration history, Membrano was clearly aware of that he was prohibited from entering the United States without first obtaining the consent of the Attorney General or the Secretary of DHS. Despite this, Membrano entered the United States without obtaining this consent or being admitted through a designated port of entry. The United States has a significant interest in protecting its borders and knowing who is entering the country. By committing this offense, Membrano circumvented the laws aimed at serving this interest. As a result, the United States maintains that a Guideline sentence of 15 months of imprisonment is a sentence that appropriately reflects the nature and circumstances of the offense.

Further, such a sentence also accounts for Membrano's history and characteristics. As set forth in the PSR, this is not the first time that Membrano has committed this offense. In fact, Membrano has been convicted of Reentry of a Removed Alien on three prior occasions, serving significant sentences of 14 to 18 months each time.  Given his history as a repeat offender, the United States has genuine concerns about Membrano's recidivism risk. To this point, however, the government recognizes that all of Membrano's criminal history points come from these prior immigration offenses as opposed to crimes of violence or crimes otherwise against other people or property. Additionally, in this case, Membrano quickly and fully accepted responsibility.  While these circumstances do not excuse Membrano's conduct, they do help inform his history and characteristics.  Accordingly, the United States believes that the Guideline sentence of 15 months of imprisonment also accounts for his history and characteristics.

A 15-month sentence also complies with the purposes of sentencing by promoting respect for the law and affording adequate deterrence. Membrano's repeated violations of this offense suggest a lack of respect for the law and a failure to be deterred. Thus, the Court must consider a sentence that deters Membrano and others from committing similar offenses. Because a 15-month sentence serves all of these goals, the United States respectfully requests that the Court accept the parties' proposed binding Plea Agreement and sentence Membrano to a term of 15 months' imprisonment.

**C. The government respectfully requests that no term of supervised release be imposed in order to facilitate Membrano's likely deportation.**

Given Membrano's undisputed unlawful status in the United States, it is almost certain that he will be deported through DHS removal proceedings following his term of imprisonment. Pursuant to U.S.S.G. § 5D1.1(c), "[t]he court ordinarily should not impose a term of supervised

release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Here, a term of supervised release is not required by statute, and Membrano will almost certainly be deported by DHS following his term of imprisonment. As such, the United States respectfully requests that the Court not impose a term of supervised release as part of Membrano's sentence.

## CONCLUSION

For the foregoing reasons, the United States asks the Court to accept the parties' proposed binding plea agreement and sentence Membrano to a term of 15 months' imprisonment with no term of supervised release to follow, and a mandatory $100 special assessment pursuant to 18 U.S.C. § 3013.

Respectfully Submitted,

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

*s/Danielle E. Margeaux*

DANIELLE E. MARGEAUX (OH 98348)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-3711
Danielle.Margeaux@usdoj.gov

6